## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CADIGAN & PARK, P.C.,

    Plaintiff,

v.                                                                                                  No. 10-CV-694 WJ

ABBASID, INC., AZHAR SAID, PHOENICIAN
IMPORTS, INC., MARIA INVESTMENTS, INC.,
REGIN, INC., CHINASEA, INC.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER TO REGISTER JUDGMENT IN ANOTHER DISTRICT**

THIS MATTER comes before the Court on Plaintiff's Motion to Register Judgment in Another District (Doc. 73). Plaintiffs request an order registering the Court's judgment in the United States District Court for the District of Southern Florida and the United States District Court for the District of Southern Texas. Defendants oppose this motion. For the reasons stated below, the Court GRANTS Plaintiff's motion.

### BACKGROUND

On May 11, 2010, Plaintiff, an Albuquerque law firm, brought this suit against Defendants in New Mexico state court for unpaid legal fees and costs. Defendants had previously hired Plaintiff to represent them in several suits pending in New Mexico state and federal courts. Defendants agreed to pay an initial retainer fee of $10,000 as well as up to $175 per hour in attorney fees which the Plaintiff submitted to the Defendants in monthly invoices. The parties also had a contingency fee agreement in place for one of the cases Plaintiff had worked on. After paying the initial retainer fee and making occasional payments on the account,

Defendants stopped paying altogether. Defendants made repeated promises to pay—by liquidating assets, if necessary—but never actually tendered payment.

On July 23, 2010, Defendants removed this case to federal court on diversity grounds. On August 5, 2010, Plaintiff filed a request for entry of default because Defendants had not yet filed an answer—either in state or federal court (Doc. 15). On the same day, Plaintiff filed a motion for default judgment. The following day, on August 6, 2010, Defendants filed their answer (Doc. 21) to the complaint as well as their response to Plaintiff's motion for default judgment (Doc. 19). Because the Defendants filed an answer the day after Plaintiff requested entry of default, the Clerk of Court never entered default in this case. The Court both entered default and granted default judgment on August 30, 2010 (Doc. 36), on the grounds that Defendants had not shown good cause for their failure to file the answer in a timely manner. The Court held a hearing as to damages on September 28, 2010 (Doc. 53), in which the Court made findings and set damages at $142,768.73. Final judgment for the Plaintiff in that amount was entered on September 29, 2010 (Doc. 56). The Court denied a subsequent motion to set aside the default judgment (Doc. 68). The case is currently on appeal to the Tenth Circuit.

Plaintiff now asks the Court to register its judgment of September 29, 2010 in two other districts because it has not been able to locate assets in this district sufficient to satisfy the judgment. Defendants respond that they are willing to post a supersedeas bond to stay the execution of the judgment, and that Plaintiff has not presented enough evidence to show good cause to register the judgment in another district.

## DISCUSSION

"A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district

. . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. While the Tenth Circuit has not clarified what constitutes "good cause" in this context, the parties agree on the applicable standard. "[C]ourts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Dyll v. Adams*, No. 3:91-CV-2734D, 1998 WL 60541, at *1 (N.D. Tex. Feb. 6, 1998).

By affidavit, Plaintiff's counsel explains that he has been "unable to locate assets of Defendants in New Mexico." Pl.'s Ex. A, Affidavit of James J. Grubel ¶ 4 (Doc. 73-1). He also certifies that he has located "significant personal and commercial property" owned by Defendants in Miami, Florida and McAllen, Texas. *Id.* Defendants do not contest the fact that they do not have assets in New Mexico sufficient to satisfy the judgment, *see* Decl. of Azhar Said ¶ 3 (Doc. 79), or the fact that they own property in Texas and Florida, *see* Defs.' Resp. at 2 (Doc. 76). Instead, they argue that it is Plaintiff's burden to show good cause, and the self-serving affidavit submitted as an exhibit to their motion does not satisfy this burden.

The Court does not agree that Plaintiff's affidavit is insufficient. All affidavits are inherently self-serving, but they nonetheless constitute evidence in the form of sworn testimony by a party. The very case cited by Defendants notes that "Plaintiff is not required to conclusively prove that Defendants have assets in another jurisdiction." *Hicks v. The Cadle Co.*, No. 04-cv-02616, 2009 WL 189938, at *3 (D. Colo. Jan. 27, 2009). But to the extent that any part of Defendants' argument regarding the Grubel affidavit is correct, it is mooted by the attachment of further exhibits in support to Plaintiff's reply brief. Plaintiff first submits a copy of property search results from an online search engine in Miami, Florida that reveal a single family

residence owned by Azhar Said, a defendant in this action, and a piece of retail property owned by Maria Investments Inc., another defendant in this action. *See* Pl.'s Reply, Ex. A (Doc. 77-1). Plaintiff also shows that a Best Buy store is located on that retail property. *Id.* Plaintiffs also submit a copy of search results showing residential property located in McAllen, Texas. *See* Pl.'s Reply, Ex. B (Doc. 77-2). The Court finds that this is sufficient evidence of substantial assets located in other districts. The Court does not find that the presence or absence of a mortgage on this property is relevant to whether or not Defendants own substantial property.

Defendants next argue that the judgment should not be registered in another district until Defendants "refuse[] or fail[] to post a supersedeas bond" to stay execution of the judgment. *Cheminova A/S v. Griffin, L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002). Defendants assert that they will pay the judgment award, should they lose on appeal, and that they "would be willing to post a bond within five months should the court so order it." Defs.' Resp. at 3 (Doc. 76). Defendants stress, however, that they need five months to post the bond. Decl. of Azhar Said ¶ 8 (Doc. 79). However, Defendants' speculation as to whether they will refuse or fail to post a supersedeas bond in five months in not relevant to whether a bond has been posted that meets the requirements of Federal Rule of Civil Procedure 62 to stay execution of the judgment. Furthermore, Defendants' own citation to case law establishes that the relevant factor is whether a defendant has posted a bond at the time of the motion to register the judgment in another district: "[T]o date, no supersedeas bond in the amount of $2,363,077 .77 has been posted by Defendants. In light of the above, the Court finds that Plaintiff has adequately demonstrated that registration in other districts is permissible . . . ." *Hicks*, 2009 WL 189938, at *3.  This Court agrees and finds that since the Defendants have not posted a bond at this time, they cannot successfully stay the execution of the judgment or contest its registration in another district.

For these reasons, the Court finds that Plaintiff has demonstrated good cause to register the judgment in the United States District Court for the District of Southern Florida and the United States District Court for the District of Southern Texas. Accordingly, the Court GRANTS Plaintiff's Motion to Register Judgment in Another District (Doc. 73).

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE